# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAIVA KLEINAUSKAITE, | No. 4:17-CV-02176 |
| Petitioner, | (Judge Brann) |
| v. | (Magistrate Judge Schwab) |
| CLAIR DOLL,<br>GREG BRAULEY,<br>THOMAS D. HOMAN,<br>ELAINE DUKE,<br>UNITED STATES DEPARTMENT OF<br>HOMELAND SECURITY, and<br>JEFFERSON B. SESSIONS, III, | |
| Respondents. | |

## ORDER

### NOVEMBER 21, 2018

On November 27, 2017, Daiva Kleinauskaite petitioned this Court for a writ of habeas corpus.[1] On October 9, 2018, Chief Magistrate Judge Susan E. Schwab issued a Report and Recommendation[2] which—relying on the Third Circuit's constitutional holding in *Diop v. ICE/Homeland Security*[3]—recommended granting that petition.

---

[1] ECF No. 1.
[2] ECF No. 23.
[3] 656 F.3d 221, 233 (3d Cir. 2011) ("[W]hen detention becomes unreasonable, the Due Process Clause demands a hearing, at which the Government bears the burden of proving that continued detention is necessary to fulfill the purposes of the detention statute.").

The Government objected to Chief Magistrate Judge Schwab's Report and Recommendation, arguing that the Supreme Court's decision in *Jennings v. Rodriguez* abrogated the constitutional holding in *Diop*.[4] The Third Circuit, however, resolved that very issue just last month.[5] Consequently, the Government's objection is overruled,[6] and Chief Magistrate Judge Schwab's Report and Recommendation will be adopted in its entirety.

Therefore, **IT IS HEREBY ORDERED** that:

1. The Report and Recommendation of Chief Magistrate Judge Susan E. Schwab, ECF No. 23, is **ADOPTED AS FOLLOWS**:

    a. Respondents Greg Brauley, Thomas D. Homan, Elaine Duke, the United States Department of Homeland Security, and Jefferson B. Sessions, III, are **DISMISSED**.

    b. Daiva Kleinauskaite's Petition for a Writ of Habeas Corpus, ECF No. 1, is **GRANTED**.

    c. Within twenty-one days of the date of this Order, the Government **SHALL PROVIDE** Ms. Kleinauskaite a bond hearing at which it

---

[4] ECF Nos. 25, 26.
[5] *See Borbot v. Warden Hudson County Correctional Facility*, 906 F.3d 274, 278 (3d Cir. 2018) ("*Jennings* did not call into question our constitutional holding in *Diop* that detention under [8 U.S.C.] § 1226(c) may violate due process if unreasonably long. . . . We held in [*Diop*] that due process entitles § 1226(c) detainees to a bond hearing at some point, with the exact time varying with the facts of the case.")
[6] Ms. Kleinauskaite also objected to Chief Magistrate Judge Schwab's Report and Recommendation. ECF No. 27. Because this Court is providing Ms. Kleinauskaite with the relief requested in her petition, that objection becomes moot.

"bears the burden of proving that [her] continued detention is necessary to fulfill the purposes of the [statute under which she is detained]."[7]

2. Ms. Kleinauskaite's Motion to Expedite, ECF No. 29, is **DENIED AS MOOT**.

3. The Clerk is directed to close this case.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[7] *Diop v. ICE/Homeland Security*, 656 F.3d 221, 233 (3d Cir. 2011). It should be noted that the petitioner in *Diop* was being detained pursuant to 8 U.S.C. § 1226(c), and that the purposes of that statute, according to the Third Circuit, are "preventing flight and dangers to the community." *Id.* at 232. Here, the Government asserts that Ms. Kleinauskaite is being detained pursuant to 8 U.S.C. § 1187(c)(2)(E), a statute which, to this Court at least, does not appear to serve those same purposes.